UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANNETTE L. STEINHARDT,

    Plaintiff,

v.

BERNARDSVILLE POLICE
DEPARTMENT, et al.,

    Defendants.

Civil Action No. 17-2169 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon the motion to dismiss of Defendants Bernardsville Police Department, Chief Kevin Valentine, Detective Paul Kelly, Officer Horsey, James Fowler, Bernardsville Borough Council, Mayor Kevin Sooy, Judge Miles Winder III and Clerk Sanra Jones ("Defendants"). (ECF No. 8.) Plaintiff Annette L. Steinhardt ("Plaintiff") did not file opposition to Defendants' motion. Rather, Plaintiff filed an Amended Complaint. (ECF No. 16.) Defendants filed correspondence indicating that the Amended Complaint was not filed within the twenty-one day time frame provided by Federal Rule of Civil Procedure 15(a)(1)(B). (ECF No. 19.)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff

must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must "review[] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "'construe the complaint in the light most favorable to the plaintiff.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

Plaintiff's original Complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and, accordingly, the Court finds good cause to grant Defendants' motion to dismiss. In addition, the Court recognizes that Plaintiff filed an Amended Complaint, albeit out of time. Plaintiff, however, filed documents that contain factual allegations after she filed the Amended Complaint. (*See, e.g.*, ECF No. 24.) Plaintiff also filed correspondence requesting the Court to enter items into evidence. (*See, e.g.*, ECF Nos. 25, 27-29.) Significantly, at this stage of the litigation, courts must evaluate the sufficiency of a complaint's allegations. In order to determine whether alleged facts are sufficient to show that Plaintiff has a "plausible claim for relief," therefore, the allegations in the complaint must be well-pled as to each Defendant. As specifically provided in the Court's filing instructions:

> State as briefly as possible the facts of your case. **Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.** You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner) (emphasis added).) Here, because Plaintiff set forth allegations in the Amended Complaint and various items of

supplemental correspondence, the Court finds good cause to permit Plaintiff to file a Second Amended Complaint that complies with the Federal Rules of Civil Procedure, District Court of New Jersey's Local Civil Rules, and the Court's specific filing instructions. Should Plaintiff fail to file a Second Amended Complaint, Plaintiff's Amended Complaint will serve as the operative pleading in this matter.

Based on the Court's inherent power to control the matters on its docket, in the interests of justice, and for other good cause shown,

**IT IS** on this 12th day of January 2018, **ORDERED** that:

1. Defendants' motion to dismiss (ECF No. 8) is granted.

2. Plaintiff may file a Second Amended Complaint by **February 16, 2018**. If Plaintiff fails to file a Second Amended Complaint by February 16, 2018, the Amended Complaint (ECF No. 16) will serve as the operative pleading in this matter.

3. Defendants shall answer or otherwise respond by **March 16, 2018**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**