UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNETTE L. STEINHARDT,<br><br>Plaintiff,<br><br>v.<br><br>BERNARDVILLE POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Civil Action No. 17-2169 (MAS)(LHG)<br><br><br>ORDER DENYING APPOINTMENT<br>OF<br><u>PRO BONO COUNSEL</u> |

This matter has been opened to the Court upon a Motion filed by *pro se* Plaintiff Annette L. Steinhardt ("Plaintiff") seeking appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) (the "Motion) [Docket Entry No. 23]. Defendants have not opposed the Motion. For the reasons set forth below, Plaintiff's Motion for Appointment of *Pro Bono* Counsel is DENIED.

I. **BACKGROUND**

Plaintiff filed an initial Complaint on March 29, 2017. [Docket Entry No. 1]. The Honorable Michael A. Shipp, U.S.D.J., dismissed that Complaint for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6) and gave Plaintiff leave to file an Amended Complaint. Memorandum and Order entered January 12, 2018 [Docket Entry No. 31]. Plaintiff filed a Second Amended Complaint on February 14, 2018. [Docket Entry No. 33].

The Second Amended Complaint ("SAC") consists of twenty-seven pages and names at least fifteen Defendants, including the Bernardsville Borough Council, the Bernardsville Police Department, several of its officers, Bernardsville Mayor Kevin Sooy, retired Municipal Court Judge Miles Winder, III, and Paul Egan, Esq., of the Office of the Attorney General for New

Jersey. SAC at 2–3, 7–10.[1] The Second Amended Complaint appears to allege under 42 U.S.C. § 1983 that Bernardsville police and Borough officials engaged in a pattern of mistreating Plaintiff, including, among other acts: attempting to seize her dog, refusing to enforce parking and property ordinances, shredding evidence that she was assaulted by a third party; refusing to assist her in a dispute with a construction contractor; and refusing to issue a police report documenting theft and vandalism of her personal property. SAC at 11–26.

In response to the Second Amended Complaint, Defendants have filed a series of Motions to Dismiss, which are currently before the Court. [Docket Entry Nos. 36–39].

## II. DISCUSSION

Plaintiff's Motion to Appoint *Pro Bono* Counsel is terse, consisting essentially of an assertion that she lacks the funds to pay for an attorney, and the following paragraph:

> In order to proceed with my case I need assistance of counsel. In some states *pro se* can call [and] ask questions to a lawyer on call. The State of New Jersey does not have this service. I am out of State [and] can not do research at the Court library. Since I am up against skilled trial attorneys I am not sure what is required. I am a lay person when it comes to court. However, all attornies [sic] that have reviewed my case feel it is a good case; with outstanding evidence.

Motion at 3. The Court also reviewed Plaintiff's request to proceed in forma pauperis. [Docket Entry No. 1-1].

Courts are granted discretion in appointing counsel, and civil litigants have no constitutional or statutory right to appointment of counsel. *Parham v. Johnson*, 126 F.3d 454, 456–457 (3d Cir. 1997). As a threshold matter, the court must first determine whether the

---

[1] For clarity, herein the Court identifies pages of the Second Amended Complaint by the page numbers imparted by the Court's CM/ECF system rather than the document's internal pagination.

plaintiff's claim has merit in fact and law. *Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993). If the claim has merit, the court should then consider: 1) the plaintiff's ability to present his or her own case; 2) the complexity of the legal issues involved; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; 4) the degree to which the case is likely to turn on credibility determinations; 5) whether the case will require the testimony of expert witnesses; and 6) whether the plaintiff can attain and afford counsel on his own behalf. *Parham*, 126 F.3d at 457. While this list of factors is not exhaustive, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak,* 294 F.3d 492, 499 (3d Cir. 2002).

The Court has fully reviewed the operative Complaint and considered Plaintiff's submission. At this very preliminary stage, and without opining as to the ultimate merits of Plaintiff's suit, the Court is satisfied that the Second Amended Complaint possesses sufficiently arguable merit in fact and law to warrant proceeding with an assessment of her Motion for *pro bono* counsel. [Docket Entry No. 42 at 2].

Once a court has established that a plaintiff's claim has arguable merit in fact and law, the first factor to be considered is the plaintiff's ability to present his or her own case. *Tabron*, 6 F.3d at 155–156. In weighing this factor, the court considers plaintiff's education level, literacy, prior work experience, prior litigation experience, and plaintiff's ability to understand English. *Id.* The court also looks to any conditions which may hamper the plaintiff's ability to press claims, including his ability to use a typewriter, photocopying machine, telephone, or computer. *Id.*

With respect to the first factor under *Tabron*, as already noted, Plaintiff asserts that she is a layperson and that she does not have access to the Court's library because she resides out of state. While Plaintiff states that she lacks legal training, she has not disclosed her level of education or prior work experience. From a review of her Second Amended Complaint it is readily apparent that Plaintiff is literate, understands English, and can express her concerns, if not clearly, to a degree sufficient to convey her meaning. Plaintiff's assertion that she lacks access to this Court's law library because she resides out of state is less than persuasive because that she likely has similar resources available to in her state of residence, such as public libraries, court libraries, and the internet. This factor therefore weighs against the appointment of *pro bono* counsel.

The Court must next consider the complexity of the legal issues presented in the case. *Tabron*, 6 F.3d 147 at 156. Plaintiff does not argue that this case presents complex legal issues. To the extent the Second Amended Complaint attempts to plead constitutional claims, such claims are fairly straightforward and she appears able to comprehend the applicable legal principles. *Council v. Nash*, Civ. No. 06-007, 2007 WL 1651191, at *2 (D.N.J. June 1, 2007). This factor therefore weighs against the appointment of *pro bono* counsel.

The third factor the Court considers is the degree to which factual investigation will be necessary and a plaintiff's ability to pursue such investigation. *Parham*, 126 F.3d at 457. *Pro bono* counsel may be appointed when a plaintiff's claim is likely to require extensive discovery and knowledge of complex discovery rules, and when a plaintiff's confinement may prevent him from pursuing his claims. *Tabron*, 6 F.3d at 156. Plaintiff is not incarcerated and she has not argued that factual investigation in this matter will prove extensive or complex. Plaintiff should

4

be able to conduct the necessary factual investigation through ordinary discovery methods. *Id*. This factor thus weighs against granting counsel.

The fourth factor considered by the Court is the degree to which the case is likely to turn on credibility determinations. *Parham*, 126 F.3d at 457. *Pro bono* counsel may be warranted when witness credibility is a key issue and the factfinder is required to decipher conflicting testimony. *Tabron*, 6 F.3d at 156. Plaintiff does not argue that this case is likely to turn on credibility issues and, at this stage, the Court sees no reason to conclude that it would. This factor therefore weighs against appointment of *pro bono* counsel.

Appointment of *pro bono* counsel may be warranted when a plaintiff's claim requires expert testimony. *Tabron*, 6 F.3d 147, 156. Plaintiff does not allege that expert testimony will be required in this case and, at this stage, the Court finds no reason to conclude that an expert will be necessary. This factor therefore weighs against appointment of *pro bono* counsel.

Finally, the Court should consider whether a plaintiff can obtain and afford counsel on his or her own behalf. *Parham*, 126 F.3d at 457. Plaintiff argues that she lacks the funds to pay an attorney and that she "struggle[s] to get by." Her assertion, however, must be measured against the Court's prior decision denying her request to proceed *in forma pauperis* based on its finding that "Plaintiff has adequate financial resources such that she is not indigent." Order entered April 26, 2017 [Docket Entry No. 4]. Plaintiff has not submitted any information indicating that her financial situation has changed. This factor therefore also weighs against the appointment of *pro bono* counsel.

The Court has considered the balance of the *Tabron* factors and finds that *pro bono* counsel is not warranted at this time. For these reasons and for good cause shown,

**IT IS** on this **31st** day of **July, 2018**

**ORDERED** that Plaintiff's Motion to Appoint *Pro Bono* Counsel [Docket Entry No. 23] is **DENIED**.

_____
**LOIS H. GOODMAN**
**United States Magistrate Judge**