<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNETTE L. STEINHARDT,<br><br>Plaintiff,<br><br>v.<br><br>BERNARDSVILLE POLICE DEPARTMENT, et al.,<br><br>Defendants. | Civil Action No. 17-2169 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendants Bernardsville Police Department, Chief Kevin Valentine, Officer Horsey, Josh Fowler, Bernardsville Borough Council, Mayor Kevin Sooy, Judge Miles Winder III, William Ussery, Paul Kelly, and Clerk Sandra Jones's ("Defendants") Motions to Dismiss Plaintiff's Second Amended Complaint. (ECF Nos. 36-39.) Plaintiff Annette L. Steinhardt ("Plaintiff") filed several items of correspondence in opposition to the Motions. (ECF Nos. 40, 42, 44-46.) The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint are granted. The Court, however, grants Plaintiff an opportunity to amend her complaint to comply with the Federal Rules of Civil Procedure, the District Court of New Jersey's Local Civil Rules, and the Court's specific filing instructions.

I.  **Background**

This matter arises out of a series of events dating back to 1996. (Second Am. Compl. 13, ECF No. 33.)[1] Plaintiff asserts various claims against Defendants, such as the denial of her rights under "Municipal, State and Federal laws," police misconduct, and destruction of records. (*Id.* at 24.) Plaintiff alleges that she suffered years of harassment and loss of private property because of these actions. (*Id.*)[2]

In 2014, Plaintiff hired a contractor, not named in this action, to replace an oil burner in her outdoor shed. (*Id.* at 15.) Plaintiff was caring for her ill mother at the time and was unable to supervise the renovation. (*Id.*) When she returned home in early 2015, she discovered that the appliances and counters from her kitchen had been removed and discarded, despite that not being part of the agreement. (*Id.* at 16.) Plaintiff further noticed that several items of jewelry and clothing were missing from her home. (*Id.*)

After making these discoveries, Plaintiff contacted her insurance company to file a claim. (*Id.*) The insurance company informed her that a police report was necessary in order to proceed with the claim. (*Id.*) When Plaintiff attempted to obtain a police report, however, the Bernardsville Police Department refused to provide one. (*Id.*) The insurance company was also unsuccessful in obtaining a police report from the Bernardsville Police Department on Plaintiff's behalf. (*Id.*) The insurance company ultimately refused to reimburse Plaintiff. (*Id.*) Plaintiff later attempted to

---

[1] The Court notes that pages of the Second Amended Complaint were not numbered. The Court, therefore, will reference the page number as it appears on the ECF timestamp.

[2] For the purposes of these motions to dismiss, the Court accepts as true and summarizes the facts alleged in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted) (stating that on a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief").

2

pursue her case against the contractor and contacted the Somerset County Police Department. (*Id.*) The Police Department, however, refused to assist Plaintiff. (*Id.*) Plaintiff contends this caused her "claim and opportunity to a trial [to be] taken from [her]." (*Id.* at 20.) In November 2015, Bernardsville police charged Plaintiff with violating Bernardsville parking ordinances, which Plaintiff asserts violated her rights.[3] (*Id.* at 21.)

The Second Amended Complaint also reflects that there was a dispute about certain ladders on Plaintiff's property. (*Id.* at 19.) The contractor claimed it owned the ladders but was unable to retrieve them because Plaintiff changed the locks on her home and refused to allow entry. (*Id.* at 18.) Plaintiff was subsequently charged with "Theft of Deception" and appeared before Municipal Court Judge Miles Winder III. (*Id.* at 18-19.) On the day of the trial, Plaintiff maintained that the ladders did not belong to the contractor. (*Id.* at 19.) Following a meeting with the prosecutor, the prosecutor dismissed the charges. (*Id.*)

Plaintiff filed her original Complaint with this Court on March 29, 2017 (ECF No. 1), and on July 17, 2017, Defendants filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 8). On August 15, 2017, Plaintiff filed an Amended Complaint (ECF No. 16), and this Court granted Defendants' Motion to Dismiss the Amended Complaint on January 12, 2018 (ECF No. 31). On February 14, 2018, Plaintiff filed a Second Amended Complaint (ECF No. 33), and on March 16, 2018, Defendants filed the instant Motions to Dismiss (ECF No. 36-39).

## II.  Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[3] The outcome of these charges is unclear from the record.

3

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court must conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. Discussion

#### A. Section 1983 Claim

Plaintiff has brought claims against the Bernardsville Police Department, the Bernardsville Borough Council, and other defendants in their official capacity as government employees under 42 U.S.C. § 1983, which provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of rights, privileges, or immunities secured by the Constitution and laws" shall be civilly liable to the injured party. 42 U.S.C. § 1983.

Although "municipalities and other local government units [are] to be included among those persons to whom [Section] 1983 applies," the municipalities are not liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't*

4

of Soc. Servs., 436 U.S. 658, 690 (1978). "[A] local government may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under [Section] 1983." *Id.* at 694.

Here, Plaintiff seeks to hold the Bernardsville Borough Council and the Police Department liable for the actions of their employees. For Plaintiff to succeed on her claim, she must demonstrate that the employees acted within the local government's official policy and that the execution of the policy or custom caused her injury. Plaintiff, however, failed to state a plausible claim that a constitutional tort occurred because Plaintiff failed to plead an official policy of the local government that caused her harm. The Court, accordingly, dismisses this claim.

B. **Absolute Judicial Immunity**

Plaintiff also brought claims against Defendant Miles S. Winder, III, in his official capacity as a municipal court judge. (Second Am. Compl. 19.) Judges, however, have absolute immunity for their official actions performed in their judicial capacity. *Bradley v. Fisher*, 80 U.S. 335, 347 (1871); *see also Stump v. Sparkman,* 435 U.S. 349 (1978) (holding that a judge was immune from Section 1983 claims for judicial actions). The Court, therefore, dismisses with prejudice Plaintiff's claims against Defendant Winder.

C. **Statute of Limitations**

Defendants contend that most of Plaintiff's claims are time-barred as they were not brought within two years of their occurrence. (Defs.' Moving Brief, 5, ECF No. 36.) "[A] Rule 12(b) motion can be utilized when the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975). A Section 1983 claim is characterized as a personal

injury claim and, therefore, the statute of limitations for the applicable state's personal injury claims applies. *Owens v Okure*, 488 U.S. 235, 249-50 (1989). In New Jersey, a personal injury claim must be brought within two years of the date of accrual. N.J.S.A. 2A: 14-2. Thus, the statute of limitations for Section 1983 claims in New Jersey is two years. *O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006).

It is clear from the face of Plaintiff's Second Amended Complaint that several of her claims accrued more than two years before the original complaint was filed. All claims that accrued before March 29, 2015, therefore, are dismissed with prejudice. The Second Amended Complaint, however, contains events with uncertain dates that may fall within two years from the date of her original complaint. Although these claims are dismissed, Plaintiff may file a Third Amended Complaint with respect to claims that are not barred by the statute of limitations.[4]

D. **Failure to State a Claim**

Plaintiff's Second Amended Complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and, therefore, the Court finds good cause to grant Defendants' Motions to Dismiss.

At this stage of the litigation, the Court must evaluate the sufficiency of the Second Amended Complaint's allegations. Here, after filing the Second Amended Complaint, Plaintiff filed correspondence requesting that the Court enter items into evidence. (*See* ECF Nos. 34-35, 43, 47-48, 50-51.) "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

---

[4] The instructions for *pro se* filings require Plaintiff to include the dates for the events that gave rise to the (remaining) causes of action. *See* U.S. Dist. Court for the Dist. of N.J., *Procedural Guide for Pro Se Litigants* (2016), http://www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf ("*Pro Se Guide*").

6

1410, 1426 (3d Cir. 1997) (citation omitted). The Court, accordingly, will not consider the allegations Plaintiff raised in the supplemental correspondence.

Furthermore, to determine whether the alleged facts demonstrate that Plaintiff has a "plausible claim for relief," the allegations in the Second Amended Complaint must be well-pled as to each Defendant. "Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give [each] defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (citations and internal quotation marks omitted). Here, Plaintiff's allegations are rambling and unclear and the Court cannot surmise a violation of a federally protected right based on the allegations in Plaintiff's Second Amended Complaint.

Although the Court finds that Plaintiff's Second Amended Complaint does not demonstrate a plausible claim for relief as to the remaining individual defendants, the Court finds good cause to permit Plaintiff to file a Third Amended Complaint that complies with the Federal Rules of Civil Procedure, the District Court of New Jersey's Local Civil Rules, and the Court's specific filing instructions. As provided in the Court's filing instructions:

> State as briefly as possible the <u>facts</u> of your case. **Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.** You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

(*Pro Se Guide* (emphasis added).) The Court shall provide Plaintiff the opportunity to file a Third Amended Complaint.[5]

IV. **Conclusion**

Based on the foregoing, and for other good cause shown, Defendants' Motions to Dismiss are GRANTED. The Court shall issue an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: October 31, 2018

---

[5] The Court, however, cautions Plaintiff that she must file <u>one</u> pleading—a <u>single</u> Third Amended Complaint—that complies with the relevant rules and the Court's filing instructions. Plaintiff should not file supplemental correspondence containing additional factual allegations after she files her Third Amended Complaint. Plaintiff must include factual allegations against each of the remaining Defendants sufficient to raise a plausible claim for relief. *Fowler*, 578 F.3d at 210.